(No. 4287— )

Terry Lee Dudley, a minor, et al, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed June 11, 1952.*

John E. Carlson and Sidney Davidson, Attorneys for Claimant.

Ivan A. Elliott, Attorney General; C. Arthur Nebel, Assistant Attorney General, for Respondent.

Lansden, J.

On June 12, 1949, First Lieutenant Leo F. Dudley, Jr., an officer in the Illinois National Guard, while under competent orders, was killed in an airplane crash at the airport at Quincy, Illinois.

Claimant, Terry Lee Dudley, who was born on January 18, 1947, was the only child and dependent of decedent, and seeks to recover from respondent under one section of the Military and Naval Code, Ill. Rev. Stat., 1947, Chap. 129, Sec. 143, which reads as follows:

"In every case where an officer or enlisted man of the National Guard or Naval Reserve shall be injured, wounded or killed while performing his duty as an officer or enlisted man in pursuance of orders from the Commander-in-Chief, said officer or enlisted man, or his heirs or dependents, shall have a claim against the State for financial help or assistance, and the State Court of Claims shall act on and adjust the same as the merits of each case may demand. Pending action of the Court of Claims, the Commander-in-Chief is authorized to relieve emergency needs upon recommendation of a board of three officers, one of whom shall be an officer of the medical department."

Betty L. Dudley is the mother of Terry Lee Dudley, and on June 1, 1949 she and decedent were divorced. Mrs. Dudley was awarded the custody of Terry Lee, but was allowed no alimony. Decedent was, by the

decree of divorce, ordered to pay Mrs. Dudley the sum of $15.00 per week for the support of Terry Lee, and also to take care of all medical bills for his son.

Decedent's earnings at the time of his death averaged $75-$80 per week in his employment as a printer.

At the time of the hearing of this case, Terry Lee Dudley was receiving $156.10 per month from three sources: (1) $55.10 per month as the beneficiary of his father; National Service Life Insurance policy, (2) $43.00 per month from the Federal Security Agency, as a minor child entitled to Social Security Act benefits, and (3) $58.00 per month from the Veterans Administration, as a minor child and dependent of a National Guard officer killed in line of duty in training or active duty under the National Defense Act, as amended, within the purview of Public Law 108, 81st Congress, 1st Session, approved June 20, 1949; 32 U.S.C. Sec. 160 a-c.

Public Law 108 was retroactive to August 14, 1945, and extended to members of the U. S. Naval Reserve, U. S. Marine Corps Reserve, Army of the United States, Air Force of the United States, National Guard of the United States, both ground and air, and the federally recognized National Guard of the several States, the same benefits and pension rights as were afforded members of the Regular Navy and Marine Corps, Regular Air Force and Regular Army, if at the time of disabling injury or death members of such reserve components of the armed forces were in line of duty, and engaged in any type of training or active duty under certain specified sections of the National Defense Act, as amended.

Officers and enlisted men of the Illinois National Guard are members of both the National Guard of the

United States, and the federally recognized National Guard of the several States.

It is, therefore, obvious an Illinois National guardsman is covered in most instances by both Federal and State legislation in the event of disabling injury or death, and this Court for the first time is called upon to determine the impact, if any, of Public Law 108 upon the Ill. Rev. Stat., 1947, Chap. 129, Sec. 143.

One of the primary purposes of both Public Law 108 and the applicable section of the Military and Naval Code is to render more attractive to potential members service in the National Guard, and to afford protection to members thereof in activities, which concededly are often extremely dangerous. In other words, both statutes serve as stimulants to voluntary military service, which service is of utmost importance to the safety, welfare and protection of the Nation and the State.

The State of Illinois has since 1909 provided, through awards of this Court, financial help or assistance to guardsmen injured, or the heirs or dependents of guardsmen killed while performing their duties in the Illinois National Guard under competent orders.

Although not as broad in its coverage as the applicable provisions of the Military and Naval Code, Public Law 108 does cover most activities of national guardsmen in a duty status.

That the United States has now seen fit to legislate for the benefit of Illinois National guardsmen does not mean that the State of Illinois cannot do likewise.

We, therefore, hold that payments under Public Law 108 by the United States do not preclude payments by the State of Illinois under the applicable section of the Military and Naval Code.

The section of the Military and Naval Code, under which claimant is proceeding, does not set up a scale of payments. Previously we have used the Workmen's Compensation Act as a guide. *Hall* vs. *State*, 12 C.C.R. 464; *Quigley* vs. *State*, 17 C.C.R. 27. But, in so doing, we have not considered the Workmen's Compensation Act to be either a ceiling over or a floor under our awards. However, we do in this case conclude that the amounts now being received by claimant under Public Law 108 should operate to reduce the amount that might otherwise be awarded.

By the divorce decree above referred to, it was determined that decedent should pay to his former wife the sum of $15.00 per week for the support of claimant. This amounts to $780.00 per year. In addition, decedent was required to pay all medical bills. Payments to claimant under Public Law 108 amount to $696.00 per year. The insurance and Social Security payments now being received by claimant should, we feel, be disregarded, as they would be under the Workmen's Compensation Act.

Furthermore, as we understand it, payments under Public Law 108 will cease when claimant reaches 18 years of age. Vet. Reg. No. 10, Part VI, foll. Chap. 12, Title 38 U.S.C.

Since claimant will attain his majority approximately 18½ years from the date of his father's death, and the amount now being received under Public Law 108 is less than provided in the decree of divorce, we believe that the merits of claimant's case indicate a need for financial help, and we conclude that claimant is entitled to an award of $2,000.00.

An award is, therefore, entered in favor of claimant, Terry Lee Dudley, payable to Betty L. Dudley,

259

his mother, next friend and legal guardian, in the sum of $2,000.00.